UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/22/2024
```

-----------------------------------------------------------------------X
                                                            :
IN RE:                                                      :        24-MD-03097 (LJL)
                                                            :        23-CV-10875 (LJL)
                                                            :        24-CV-00460 (LJL)
CONCRETE AND CEMENT ADDITIVES                               :        24-CV-00512 (LJL)
ANTITRUST LITIGATION                                        :        24-CV-00564 (LJL)
                                                            :        24-CV-03026 (LJL)
                                                            :        24-CV-03033 (LJL)
*This Document Relates to All Actions*                      :
                                                            :                ORDER
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        The civil actions listed on Schedule A, attached hereto, were transferred to this Court by

the April 12, 2024 Order of the Judicial Panel on Multidistrict Litigation ("JPML"), Dkt. No. 1;

MDL No. 3097 Dkt. No. 105.  Those cases, as well as those subsequently transferred to this

Court by the JPML or otherwise covered by this Order, merit special attention as complex

litigation.  Accordingly, it is hereby ORDERED that:

I.      **APPLICABILITY OF THIS ORDER**

        The provisions of this Order shall govern the practice and procedure in: (1) those actions

transferred to this Court by the JPML pursuant to its April 12, 2024 Order; (2) all related actions

against Sika AG, Sika Corporation, Chryso, Inc., GCP Applied Technologies, Inc., Compagnie

De Saint-Gobain S.A., Saint-Gobain North America, Master Builders Solutions Admixtures

U.S., LLC, Master Builders Solutions Deutschland GmbH, Cinven Ltd., Cinven, Inc., The Euclid

Chemical Company, and RPM International Inc., or any combination thereof, alleging

anticompetitive behavior, that were filed in the Southern District of New York or that have

previously been or will be transferred to MDL-3097; and (3) any "tag-along" actions later filed

in, removed to, or transferred to this Court.  The Clerk of Court will send a copy of this Order to

counsel for any plaintiffs or newly-named defendants in any case newly-filed or transferred to this Court.  This Order vacates any case management or scheduling order previously issued by this Court or by any transferor court prior to the transfer of a case to MDL-3097.

## II.   CONSOLIDATION

The civil actions listed on Schedule A are consolidated solely for pretrial purposes.  Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III.   CAPTION

All orders, pleadings, motions, and other documents served or filed in MDL-3097 shall bear the following caption:

```
---------------------------------------------------------------------X
                                                       :
IN RE:                                                 :
                                                       :
CONCRETE AND CEMENT ADDITIVES                          :
ANTITRUST LITIGATION                                   :         24-MD-3097 (LJL)
                                                       :
This Document Relates to ["All Actions" or specify by  :
title and case number the individual applicable cases if :
the document relates to fewer than all of the consolidated :
cases]                                                 :
                                                       :
---------------------------------------------------------------------X
```

## IV.   FILING AND SERVICE OF DOCUMENTS

All counsel are required to register for and participate in this Court's CM/ECF filing system.  This system gives each counsel immediate access to all electronically filed documents

2

and obviates the need to make personal service on the individual parties.  Unless otherwise

ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be

filed in accordance with the Southern District of New York's Local Rules, the Southern District

of New York's ECF Rules and Instructions, and this Court's Individual Practices for Civil Cases.

The Court will serve all orders through the ECF system.  For assistance with the ECF filing

system, counsel should contact the Court's help desk at (212) 805-0800.

## V.      APPEARANCES AND MOTIONS TO APPEAR *PRO HAC VICE*

All counsel who appeared in a case filed in the Southern District of New York and listed

on Schedule A prior to the Transfer Order need not enter a new notice of appearance nor submit

a new *pro hac vice* application to practice before this Court.  All counsel who did not appear in a

related action prior to the Transfer Order are directed to enter a notice of appearance on 24-MD-

3097.

Attorneys who are in good standing in each state in which they are a member of the bar

and who are admitted to practice in any U.S. District Court may be admitted *pro hac vice* in this

litigation, without the need to associate local co-counsel.  Motions to appear *pro hac vice* must

be filed online using the Court's CM/ECF system; any such motion should be filed in the MDL

docket (24-MD-3097) and spread to all cases in which the attorney appears.  Instructions can be

found at http://www.nysd.uscourts.gov/pro_hac.php.

## VI.     INITIAL CONFERENCE

The Court will hold an Initial Conference on May 17, 2024, at 2:00 p.m. in Courtroom

15C of the 500 Pearl Street Courthouse, 500 Pearl Street, New York, New York 10007.  Counsel

authorized to speak on behalf of each of the parties in the cases listed on Schedule A and all

subsequently transferred cases must be present, unless excused by the Court.  Counsel should

arrive at the Courthouse with sufficient time to clear security.  Seats in the courtroom may not be reserved.

### A.      Familiarity with the Court's Rules and the Manual for Complex Litigation

Counsel are expected to familiarize themselves with (1) the Manual for Complex Litigation, Fourth Edition ("MCL Fourth"), a copy of which is available at https://public.resource.org/scribd/8763868.pdf; (2) the Local Rules for the Southern District of New York, available at https://nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf; (3) the Southern District of New York's ECF Rules and Instructions, available at https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020230724%20FINAL.pdf; and (4) this Court's Individual Practices for Civil Cases, available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/LJL%20Liman%20Individual%20Practices%20in%20Civil%20Cases_updated%2011.13.23.pdf, in advance of the Initial Conference.  Counsel should be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B.      Agenda and Pretrial Schedule

Counsel for the parties shall confer in advance of the conference to discuss: (1) a proposed agenda for the Initial Conference; (2) a proposed schedule for pretrial activities, including consolidated pleadings, discovery (fact and expert), class certification motions, and dispositive motions; and (3) a process for the parties regularly to update the Court on the status of this MDL.  The proposed agenda for the Initial Conference shall include at least the following items: (1) if a motion to dismiss is anticipated to be filed, the identification of a representative complaint against which such motion shall be filed; (2) if motions to dismiss are anticipated to be filed with respect to the direct purchaser claims and with respect to the indirect purchaser claims, whether such motions should be filed and addressed simultaneously or sequentially; (3) the

4

earliest dates on which motions to dismiss shall be filed; (4) whether, while any motions are pending, Rule 26(a)(1) initial disclosures should be exchanged, document requests and interrogatories served, and (at a minimum) paper discovery commenced; (5) whether merits discovery should proceed simultaneously with class discovery; (6) the need for and preparation of protective orders, Electronically Stored Information ("ESI") protocols, and 502(d) orders; (7) the preparation of a discovery plan that will ensure that discovery taken in one case (and depositions taken in one case) will be deemed to be taken in all cases; (8) the possibility that some or all of the cases can be consolidated for all purposes and a single consolidated amended complaint filed; (9) the likelihood that "tag-along" cases will be filed or that there will be parallel litigation in other fora (such as state courts) that will need to be coordinated with the litigation before this Court; (10) the process, if necessary, for selection of a lead counsel (or counsels); and (11) a forum and procedure for the parties to discuss settlement.  The parties are put on notice that the Court is likely to rule at the conference that if motions to dismiss are filed, it will permit the Plaintiffs an opportunity to file an amended complaint in lieu of responding to the motion (and thus will deem the motion to be moot).  The parties shall confer and shall send the Court a single letter, not to exceed ten pages, by the close of business on May 10, 2024, addressing each of the agenda items, as well as any other matters as to which they seek the Court's assistance. Counsel shall also submit a proposed agenda for the conference, schedule for pretrial activities, and process for updates.  At the Initial Conference, the Court will also expect the parties to educate the Court (briefly) as to the claims and anticipated defenses in the cases, and the information about the industry that the Court will need to know in order to preside over this matter.

## VII.   EXTENSION AND STAY

To the extent they have not already answered, Defendants are granted an extension of time for responding to the Complaints by motion or answer until a date to be set by this Court by subsequent order.  Pending the Initial Conference and further orders of this Court, all outstanding discovery requests are stayed, and no further discovery requests shall be initiated.  This Order does not, however, preclude voluntary discovery by any party.  The parties are put on notice that the Court is unlikely to set a date for motions or an answer that is more than thirty days from the date of the Initial Conference.

## VIII.   DISCOVERY

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody, or control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to include any physical or electronic material (including metadata) that is or may reasonably be discoverable pursuant to the Federal Rules of Civil Procedure or that serves to identify discoverable material.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

**IX.     COMPENSATION AND TIME AND EXPENSE RECORDS**

Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court shall comply with the directives contained in the MCL Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

SO ORDERED.

Dated: April 22, 2024
      New York, New York

LEWIS J. LIMAN
United States District Judge

## SCHEDULE A

<u>Southern District of New York</u>

SMBA CONSTRUCTION, LLC v. SIKA CORPORATION, ET AL., C.A. No. 1:23−10875

<u>Eastern District of Pennsylvania</u>

M&D PETERSON, LLC v. SIKA AG, ET AL., C.A. No. 2:23−04711

KEYSTONE CONCRETE BLOCK & SUPPLY CO., INC. v. SIKA AG, ET AL., C.A. No. 2:23−04723

LAKEWOOD CONCRETE CORP. v. SIKA AG, ET AL., C.A. No. 2:23−04797

570 CONCRETE, LLC v. SIKA AG, ET AL., C.A. No. 2:23−04845