

**U.S. Department of Justice**

Antitrust Division

*Chicago Office*

*Rookery Building*            *312/984-7200*
*209 South LaSalle Street, Suite 600*
*Chicago, Illinois 60604*          *FAX 312/984-7299*

October 15, 2024

Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In Re: Concrete and Cement Additives Antitrust Litigation* No. 24-md-3097 (LJL)

Dear Judge Liman:

The Antitrust Division of the United States Department of Justice respectfully submits this letter-motion to File *Ex Parte* and to Seal the United States' Motion to Intervene. We have contacted counsel for all parties regarding filing under seal in advance of filing this letter-motion and none opposed filing under seal.

The United States respectfully requests that its forthcoming memorandum in support of its unopposed motion to intervene in the above-captioned case be filed *ex parte* and a redacted version be filed under seal. The United States plans to file this motion to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) for the purpose of filing a Stipulation for a limited stay of discovery to avoid prejudice to an ongoing criminal investigation being conducted in the Eastern District of Pennsylvania.

Portions of the United States' memorandum in support of its Motion to Intervene discuss details protected by Federal Rule of Criminal Procedure 6(e). The United States requests that these portions be considered *ex parte* by the Court. An *ex parte* submission is "appropriate where, as here, it [i]s necessary in order to protect grand jury secrecy." *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, No. 02 CIV. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004).

The United States further requests that the redacted version of the memorandum also be filed under seal. No party has objected to the filing of the motion under seal. It is well-established that there is a common-law and First Amendment right of public access to judicial documents.

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. *Id*. at 119–20.

Courts in the Second Circuit have given examples of the "higher values" that justify sealing, including the "the danger of impairing law enforcement," *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009), and the avoidance of "jeopardizing ongoing or future investigations," *United States v. Huntley*, 943 F. Supp. 2d 383, 386 (E.D.N.Y. 2013); *see also United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991). Here, the unredacted portions of the memorandum provide analysis of issues that could impair the United States' ability to continue its investigation if made broadly available to the public, including potential witnesses.

We are available to provide additional information at the Court's convenience. We respectfully request permission to file the memorandum in support of the United States' motion to intervene *ex parte* and to file a redacted version of said memorandum under seal.

Respectfully submitted,

Allison Mileo Gorsuch
Trial Attorney
Illinois ARDC #6329734
Carla M. Stern
Trial Attorney
Illinois ARDC #6201979
U.S. Department of Justice, Antitrust Division
209 S. LaSalle St., Suite 600
Chicago, IL 60604
Office: 312-705-1145; fax: 312-984-7299
allison.gorsuch@usdoj.gov
carla.stern@usdoj.gov

cc: All attorneys of record via ECF

The United States' motion to file ex parte and under seal its memorandum in support of its motion to intervene in the above-captioned case is granted. The unredacted motion may be filed and kept under seal with access limited to the Court and to the United States. The United States shall show cause no later than October 18, 2024, why the redacted memorandum should not be filed on the public docket without access restrictions.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

October 16, 2024

2